IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ESTATE OF GABRIEL MIRANDA, JR., | § | |
| MARIA FUENTES, GABRIEL MIRANDA, | § | |
| SR., ALEXANDRIA SUZANNE DELEON, | § | |
| REUBEN ANTONIO DELEON III, AND | § | |
| JON HIDALGO DOE, INDIVIDUALLY | § | |
| AND ON BEHALF OF ALL OTHER | § | |
| SIMILARLY SITUATED PLAINTIFFS, | § | CIVIL ACTION NO. 7:18-CV-00353 |
| Plaintiffs, | § | |
| v. | § | |
| NAVISTAR, INC., NAVISTAR | § | |
| INTERNATIONAL CORPORATION, IC | § | |
| BUS, LLC, AND IC BUS OF | § | |
| OKLAHOMA, LLC, | § | |
| Defendant. | | |

## ANSWER AND DEFENSES OF DEFENDANTS NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND IC BUS OF OKLAHOMA, LLC TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC and IC Bus of Oklahoma, LLC (collectively, "Defendants") file this Answer to and respond to Plaintiffs Estate of Gabriel Miranda, Jr., Maria Fuentes, Gabriel Miranda, Sr., Alexandria Suzanne DeLeon, Reuben Antonio DeLeon III, and Jon Hidalgo Doe, individually and on behalf of all other similarly situated plaintiffs (collectively, "Plaintiffs") Complaint as follows:

## I.
## RESPONSES TO PLAINTIFFS' ALLEGATIONS

### A.    Nature of Suit

1.    Defendants deny the allegations in paragraph 1 of the Complaint.

### B.    Jurisdiction and Venue

2.    Defendants deny the allegations in paragraph 2 of the Complaint.

3.    Defendants deny the allegations in paragraph 3 of the Complaint.

1

**B.**     **Parties and Service**

    4.     Defendants deny the allegations in paragraph 4 of the Complaint.

    5.     Defendants deny the allegations in paragraph 5 of the Complaint.

    6.     Defendants deny the allegations in paragraph 6 of the Complaint.

    7.     Defendants deny the allegations in paragraph 7 of the Complaint.

    8.     Defendants deny the allegations in paragraph 8 of the Complaint.

    9.     Defendants deny the allegations in paragraph 9 of the Complaint.

    10.     Defendants deny the allegations in paragraph 10 of the Complaint.

    11.     Defendants deny the allegations in paragraph 11 of the Complaint.

    12.     Defendants deny the allegations in paragraph 12 of the Complaint.

    13.     Defendants deny the allegations in paragraph 13 of the Complaint.

**C.**     **General Background**

    14.     Defendants deny the allegations in paragraph 14 of the Complaint.

    15.     Defendants deny the allegations in paragraph 15 of the Complaint.

    16.     Defendants deny the allegations in paragraph 16 of the Complaint.

    17.     Defendants deny the allegations in paragraph 17 of the Complaint.

    18.     Defendants deny the allegations in paragraph 18 of the Complaint.

    19.     Defendants deny the allegations in paragraph 19 of the Complaint.

    20.     Defendants deny the allegations in paragraph 20 of the Complaint.

    21.     Defendants deny the allegations in paragraph 21 of the Complaint.

    22.     Defendants deny the allegations in paragraph 22 of the Complaint.

    23.     Defendants deny the allegations in paragraph 23 of the Complaint.

    24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

**D.**     **Plaintiffs' Causes of Action**

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Defendants deny the allegations in paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

## II.
## DEFENSES

112.    This Court does not have subject matter jurisdiction over this case.

113.    This Court does not have personal jurisdiction over Defendants.

114.    This case is currently pending in an improper venue.

115.    The Complaint fails to state a claim upon which relief may be granted.

116.    All causes of action or claims for damages stated in Plaintiffs' Complaint are barred by the applicable statute of limitations.

117.    Defendants deny that they owed and/or breached any legal duty allegedly owed to Decedent Gabriel Miranda's ("Decedent"), or Plaintiffs.

118.    Defendants allege that the injuries and damages which Plaintiffs and/or Decedent claim to have suffered were caused by the conduct, intentional, or negligent acts or omissions of third-parties or a third-party, over whom Defendants had no control or right of control and further that the conduct, negligent, and/or intentional acts were a proximate cause, or in the alternative, the sole proximate cause of Plaintiffs' and/or Decedent's alleged injuries and damages.

119.    The damages, if any, to Plaintiffs and/or Decedent were the result of a new and independent cause and/or intervening and superseding cause, not foreseeable by Defendants.

120.    Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

121.    Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, by estoppel and/or waiver.

122.    Defendants further assert their right to proportionate responsibility, contribution, comparative fault, indemnity, and/or credit pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

123.    Defendants invoke their right to reduction of any verdict that may be rendered in this case by credit for payments made by other persons or by a percentage reduction to which Defendants would be entitled.

124.     Any award of interest in excess of the applicable market rate of interest during the relevant time period would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

125.     In the unlikely event that Plaintiffs recover damages against Defendants under one or more theories of recovery, Plaintiffs must elect their remedies.

126.     Pleading alternatively, Defendants invoke the liability limitations of TEX. CIV. PRAC. & REM. CODE §§ 41.007, 41.008, 41.010, and 41.011, *et seq.*

127.     Defendants hereby invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105.

128.     Defendants further invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 18.091.

129.     Defendants will further show that if pre-judgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.101 *et seq.*  Defendants will further show that if post-judgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.003(c).  Defendants further assert and plead that pre-judgment interest is not allowed on any award of exemplary damages in this matter in accordance with TEX. CIV. PRAC. & REM. CODE § 41.007.

130.     Defendants plead that with respect to all claims seeking punitive or exemplary damages, such damages are inappropriate and impermissible under the law due to the following:

- Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

- An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

- It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, and/or representatives of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

- Punitive and/or exemplary damages constitute an unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous on its face as well as in its application, that it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and therefore, further prevents effective judicial review of any such punitive damages awards.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily ascertained in advance so as to guide the behavior of individuals in their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution in the State of Texas.

- An award of punitive and exemplary damages violates the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

- The defendant who is subject to the award does not have the right to refuse to testify against him/her/itself but must in fact take the

stand and/or give deposition testimony or subject him/her/itself to the consequences of a default judgment.

- Any ratio of exemplary damages to actual damages greater than 1:1 violates the due process and excessive fines clauses of the state and federal constitutions

**III.**
**PRAYER**

Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC request that the Court dismiss this case in in its entirety, deny all relief sought by Plaintiffs, and award Defendants such relief, including attorney's fees and costs, to which it may be justly entitled.

Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By: */s/ William J. Collins, III*
William J. Collins, III
Texas State Bar No. 04621500
Fed. Adm. No. 3441
Laura S. Favaloro
Fed. Adm. No. 15581
Texas State Bar No. 00784929
Travis Cade Armstrong
Fed. Adm. No. 1690801
Texas State Bar No. 24069312
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone:  (713) 951-1000
Facsimile:  (713) 951-1199

***ATTORNEYS FOR DEFENDANTS NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC AND IC BUS OF OKLAHOMA, LLC***

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure, on December 18, 2018.

*/s/      William J. Collins, III*
William J. Collins, III

3339331