IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA, SR. and MARIA FUENTES, Individually and as Representatives of the Estate of GABRIEL MIRANDA, JR., | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, and IC BUS OF OKLAHOMA, LLC, | § § § § § § § | Civil Action No. 7:18-cv-00353 |
| Defendants. | § | |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes, Individually and as Representatives of the Estate of Gabriel Miranda, Jr. file this First Amended Complaint against Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC, as follows:

## I.

## **PARTIES**

1. Plaintiff Gabriel Miranda, Sr. is an individual residing in the State of Texas. He is the husband of Maria Fuentes and father of Gabriel Miranda, Jr.

2. Plaintiff Maria Fuentes is an individual residing in the State of Texas. She is the wife of Gabriel Miranda, Sr. and mother of Gabriel Miranda, Jr.

3. Defendant Navistar, Inc. ("Navistar") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

8. Defendant Navistar International Corporation ("Navistar IC") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

9. Defendant IC Bus LLC ("IC Bus") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

10. Defendant IC Bus of Oklahoma, LLC ("IC Bus OK") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Oklahoma. This Defendant has answered and is before the Court.

II.

## VENUE & JURISDICTION

1.     Under 28 USC 1991(b)(2), venue is proper in this Court because the accident in question occurred within the Southern District of Texas.

2.     Under 28 U.S.C. 1332(a)(1), diversity jurisdiction is proper in this Court because all the Defendants are citizens of a state other than Texas and the Plaintiffs are citizens of Texas and the amount in controversy exceeds $75,000, excluding interest and costs.

III.

## FACTS

1.     On November 14, 2016, Gabriel Miranda, Jr. and other children from his middle school were passengers on a yellow and black 2011 IC school bus going on a school field trip. At about 9:45am, while the school bus was traveling at highway speed northbound on Interstate Highway 69C in Edinburg, Texas, Gabriel Miranda, Jr. fell onto the highway to his death when the rear emergency exit door was opened.

2.     At all times in question, Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC engaged in

the business of designing, testing, manufacturing, distributing, marketing, and selling vehicles, including the IC school bus in question.

## IV.

## STRICT LIABILITY CAUSE OF ACTION AGAINST EACH DEFENDANT: NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND <u>IC BUS OF OKLAHOMA, LLC.</u>

1. Plaintiffs adopt and re-allege each paragraph set forth above.

2. Defendant, and others associated with it, was at the time of the occurrence and is now engaged in the business of designing, manufacturing, distributing, and selling student passenger buses, including the 2011 IC Bus made the basis of this suit. These passenger school buses are ridden by thousands of school students in this country every day.

3. It was foreseeable, and Defendant knew, that these buses, including the 2011 IC Bus at issue, might be driven at highway speeds during the useful life of the vehicle.

4. The rear emergency door on the vehicle at issue was unreasonably dangerous and defectively designed, manufactured, distributed, and/or marketed because:

    (a) In the event the bus was traveling at highway speed, the rear emergency exit door of the bus remained unlocked and could be opened to allow a passenger to fall out while the bus was in

        motion during normal operation;

(b)    The rear emergency exit door of the bus was able to be opened or tampered with while the bus was in motion outside a true emergency situation;

(c)    There was no automated system to lock the rear emergency exit door to prevent it opening while the bus was in motion or traveling over a certain designated speed, such as highway speed;

(d)    There was no adequate warning or alarm system inside the bus, especially to the driver, to alert when someone was attempting to open the rear emergency exit door;

(e)    There was no manual override available to the driver to lock the rear emergency exit door when the bus was in motion;

(f)    The vehicle did not have, or had inadequate, warning stickers, placards, or any other proper documentation or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle.

5.    The above defects and dangers were latent; and student passengers, including Gabriel, Jr., were not and could not have been aware of their existence prior to this accident.

6.    At the time of the accident, the IC Bus vehicle was substantially unchanged from its condition as when sold and distributed by Defendant.

7.    For the reasons set forth above, the IC Bus vehicle was defectively designed, manufactured, and sold and was unreasonably dangerous to foreseeable users, including Gabriel Miranda, Jr. who, as a student passenger, used the vehicle

in an ordinary and reasonably foreseeable manner.

8. The defects described above were a producing cause of the death of Gabriel Miranda, Jr. The defects directly and in natural and continuous sequence produced or contributed substantially to Gabriel, Jr.'s death.

V.

## NEGLIGENCE CAUSE OF ACTION AGAINST EACH DEFENDANT: NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND IC BUS OF OKLAHOMA, LLC.

1. Plaintiffs adopt and re-allege each paragraph set forth above.

2. It was foreseeable, and Defendant knew, that all vehicles, including the 2011 IC Bus, might be driven at highway speeds during the useful life of the vehicle.

3. Defendant knew or in the exercise of due care should have known that the IC Bus rear emergency door would be used without inspection and would create a foreseeable and unreasonable risk of harm to IC Bus users.

4. Defendant was under a duty to properly and adequately design, test, manufacture, distribute, and sell the IC Bus in a reasonably safe condition so as not to negligently present a danger to the student passengers who reasonably and expectedly would come into contact with the vehicle.

5. Defendant breached its duty by negligently designing, testing, inspecting, distributing, selling, and failing to warn of these dangers in the IC Bus.

The rear emergency door was not reasonably safe for the foreseeable uses, both intended and unintended, which it would experience. The acts and omissions of Defendant's negligence including the following:

    (a)    Failure to research, test, design, and install an automated system to lock the rear emergency exit door to prevent it opening while the bus was in motion or traveling over a certain designated speed, such as highway speed;

    (b)    Failure to research, test, design, and install a manual override available to the driver to lock the rear emergency exit door when the bus was in motion;

    (c)    Failure to design, manufacture, assemble, test, and/or equip the vehicle with adequate warning or alarm system inside the bus, especially to the driver, to alert when someone was attempting to open the rear emergency exit door;

    (d)    Failure to properly design, manufacture, assemble, test, and otherwise place the IC Bus on the market for sale to the public in a condition free of defects and hazards. This created an unreasonable danger of injury or death to users under normal and foreseeable circumstances;

    (e)    Failure to adequately instruct or warn passengers and users by using stickers, placards, or other proper documentation or notice, regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle.

6.    The conduct of Defendants constitutes gross negligence to establish that their acts or omissions complained of resulted from actual conscious indifference to the rights, welfare, or safety of the thousands of student passengers affected by it, who use this product daily, including Plaintiffs' son, Gabriel

Miranda, Jr.

7. The negligence described above was a direct and proximate cause of the death of Gabriel Miranda, Jr.

## VI.

## INDIVIDUAL DAMAGES FOR GABRIEL MIRANDA, SR. AND MARIA FUENTES

1. Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes are the surviving parents of decedent Gabriel Miranda, Jr.. Gabriel Jr. was 13-years old at the time of his wrongful death.  Gabriel Jr. brought enormous love, affection, and pride to his parents.  His parents have lost the love and companionship and his loving care and attention he would have shared for the remainder of their lives.  In addition, they have suffered unusual mental anguish and grief over his sudden and unexpected death.  These parent Plaintiffs should recover all their damages, including punitive damages for the unnecessary death of Gabriel Miranda, Jr.

## VII.

## DAMAGES TO THE ESTATE OF GABRIEL MIRANDA, JR.

1. As a result of the wrongful death of Gabriel Miranda, Jr., his Estate has incurred damages for burial expenses, pain prior to his death, and the fright and mental anguish he experienced when the door opened and he came out the rear emergency exit door on the highway while the bus was traveling at highway speed.

His estate should also be allocated punitive and exemplary damages for the acts of Defendants as described above.

## VIII.

## EXEMPLARY DAMAGES

1.  Plaintiffs' injuries and damages resulted from each Defendant's gross negligence, which entitles Plaintiffs to exemplary damages.

## IX.

## PRESERVATION

1.  Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## X.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

1.  Plaintiffs claim interest in accordance with applicable law.

## XI.

## JURY DEMAND

1.  Plaintiffs respectfully request a trial by jury and tenders the appropriate fee with this filing.

# XII.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes, Individually and as Representatives of the Estate of Gabriel Miranda, Jr. pray that upon final trial, Plaintiffs recover all damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate; and have such further and other relief, general and special, at law or in equity, to which Plaintiffs may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ T Nguyen*
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: tn@wturley.com; roxanam@wturley.com

Windle Turley
State Bar No. 20304000
Email: win@wturley.com; roxanam@wturley.com

ATTORNEYS FOR PLAINTIFFS

**Of Counsel**

GORMAN LAW FIRM, PLLC
Terry P. Gorman
State Bar No. 08218200
901 Mopac Expwy S Suite 300
Austin, TX 78746
Telephone No. 512/320-9177
Telecopier No. 512/597-1455
tgorman@school-law.co