IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA, SR., and | § | |
| MARIA FUENTES, Individually | § | |
| and as Representatives of the Estate of | § | |
| GABRIEL MIRANDA, JR., | § | |
| | § | CIVIL ACTION NO. 7:18-CV-00353 |
| v. | § | JURY |
| | § | |
| NAVISTAR, INC., NAVISTAR | § | |
| INTERNATIONAL CORPORATION, | § | |
| IC BUS, LLC, AND IC BUS OF | § | |
| OKLAHOMA, LLC | § | |

**DEFENDANTS NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND IC BUS OF OKLAHOMA, LLC'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC and IC Bus of Oklahoma, LLC (collectively "Defendants") file this First Amended Answer to Plaintiffs' First Amended Complaint as follows:

## I.    RESPONSES TO PLAINTIFFS' ALLEGATIONS

A.    **Section I - Parties**

1.    Defendants deny the allegations in paragraph 1 of Section I Plaintiffs' First Amended Complaint.

2.    Defendants deny the allegations in paragraph 2 of Section I of Plaintiffs' First Amended Complaint.

3.    Defendants deny the allegations in paragraph 3 of Section I of Plaintiffs' First Amended Complaint.

4.    Defendants deny the allegations in paragraph 8 of Section I of Plaintiffs' First Amended Complaint.  (Please note that there are no paragraphs 4, 5, 6, or 7 in

Section I of Plaintiffs' First Amended Complaint).

5.     Defendants deny the allegations in paragraph 9 of Section I of Plaintiffs' First Amended Complaint.

6.     Defendants deny the allegations in paragraph 10 of Section I of Plaintiffs' First Amended Complaint.

**B.    <u>Section II - Venue and Jurisdiction</u>**

1.     Defendants deny the allegations in paragraph 1 of Section II of Plaintiffs' First Amended Complaint.

2.     Defendants deny the allegations in paragraph 2 of Section II of Plaintiffs' First Amended Complaint.

**C.    <u>Section III - Facts</u>**

1.     Defendants deny the allegations in paragraph 1 of Section III of Plaintiffs' First Amended Complaint.

2.     Defendants deny the allegations in paragraph 2 of Section III of Plaintiffs' First Amended Complaint.

**D.    <u>Section IV - Strict Liability Cause of Action Against Each Defendant: Navistar, Inc., Navistar International Corporation, IC Bus, LLC and IC Bus of Oklahoma, LLC</u>**

1.     Defendants deny the allegations in paragraph 1 of Section IV of Plaintiffs' First Amended Complaint.

2.     Defendants deny the allegations in paragraph 2 of Section IV of Plaintiffs' First Amended Complaint.

3.     Defendants deny the allegations in paragraph 3 of Section IV of Plaintiffs' First Amended Complaint.

4.     Defendants deny the allegations in paragraph 4 of Section IV of Plaintiffs' First

Amended Complaint.

5.      Defendants deny the allegations in paragraph 4(a) of Section IV of Plaintiffs' First
        Amended Complaint.

6.      Defendants deny the allegations in paragraph 4(b) of Section IV of Plaintiffs'
        First Amended Complaint.

7.      Defendants deny the allegations in paragraph 4(c) of Section IV of Plaintiffs' First
        Amended Complaint.

8.      Defendants deny the allegations in paragraph 4(d) of Section IV of Plaintiffs'
        First Amended Complaint.

9.      Defendants deny the allegations in paragraph 4(e) of Section IV of Plaintiffs' First
        Amended Complaint.

10.     Defendants deny the allegations in paragraph 4(f) of Section IV of Plaintiffs' First
        Amended Complaint.

11.     Defendants deny the allegations in paragraph 5 of Section IV of Plaintiffs' First
        Amended Complaint.

12.     Defendants deny the allegations in paragraph 6 of Section IV of Plaintiffs' First
        Amended Complaint.

13.     Defendants deny the allegations in paragraph 7 of Section IV of Plaintiffs' First
        Amended Complaint.

14.     Defendants deny the allegations in paragraph 8 of Section IV of Plaintiffs' First
        Amended Complaint.

**E.**      **Section V - Negligence Cause of Action Against Each Defendant: Navistar, Inc.,
        Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC**

1.      Defendants deny the allegations in paragraph 1 of Section V of Plaintiffs' First

Amended Complaint.

2.     Defendants deny the allegations in paragraph 2 of Section V of Plaintiffs' First Amended Complaint.

3.     Defendants deny the allegations in paragraph 3 of Section V of Plaintiffs' First Amended Complaint.

4.     Defendants deny the allegations in paragraph 4 of Section V of Plaintiffs' First Amended Complaint.

5.     Defendants deny the allegations in paragraph 5 of Section V of Plaintiffs' First Amended Complaint.

6.     Defendants deny the allegations in paragraph 5(a) of Section V of Plaintiffs' First Amended Complaint.

7.     Defendants deny the allegations in paragraph 5(b) of Section V of Plaintiffs' First Amended Complaint.

8.     Defendants deny the allegations in paragraph 5(c) of Section V of Plaintiffs' First Amended Complaint.

9.     Defendants deny the allegations in paragraph 5(d) of Section V of Plaintiffs' First Amended Complaint.

10.    Defendants deny the allegations in paragraph 5(e) of Section V of Plaintiffs' First Amended Complaint.

11.    Defendants deny the allegations in paragraph 6 of Section V of Plaintiffs' First Amended Complaint.

12.    Defendants deny the allegations in paragraph 7 of Section V of Plaintiffs' First Amended Complaint.

**F.**   **Section VI – Individual Damages for Gabriel Miranda, Sr. and Maria Fuentes**

    1.   Defendants deny the allegations in paragraph 1 of Section VI of Plaintiffs' First Amended Complaint.

**G.**   **Section VII – Damages to the Estate of Gabriel Miranda, Jr.**

    1.   Defendants deny the allegations in paragraph 1 of Section VII of Plaintiffs' First Amended Complaint.

**H.**   **Section VIII – Exemplary Damages**

    1.   Defendants deny the allegations in paragraph 1 of Section VIII of Plaintiffs' First Amended Complaint.

**I.**   **Section IX – Preservation**

    1.   Defendants deny the allegations in paragraph 1 of Section IX of Plaintiffs' First Amended Complaint.

**J.**   **Section X – Claim for Pre-Judgment and Post-Judgment Interest**

    1.   Defendants deny the allegations in paragraph 1 of Section X of Plaintiffs' First Amended Complaint.

**K.**   **Section XI – Jury Demand**

    1.   Defendants deny the allegations in paragraph 1 of Section XI of Plaintiffs' First Amended Complaint.

**J.**   **Section XII – Prayer**

    1.   Defendants deny the allegations in paragraph 1 of Section XII of Plaintiffs' First Amended Complaint.

## II.  DEFENSES

1.      This Court does not have subject matter jurisdiction over this case.

2.      This Court does not have personal jurisdiction over Defendants.

3.      This case is currently pending in an improper venue.

4.      The Complaint fails to state a claim upon which relief may be granted.

5.      All causes of action or claims for damages stated in Plaintiffs' First Amended Complaint are barred by the applicable statute of limitations.

6.      Defendants deny that they owed and/or breached any legal duty allegedly owed to Decedent Gabriel Miranda ("Decedent") or Plaintiffs.

7.      Defendants allege that the injuries and damages which Plaintiffs and/or Decedent claim to have suffered were caused by the conduct, intentional, or negligent acts or omissions of third-parties or a third-party, over whom Defendants had no control or right of control and further that the conduct, negligent, and/or intentional acts were a proximate cause, or in the alternative, the sole proximate cause of Plaintiffs' and/or Decedent's alleged injuries and damages.

8.      The damages, if any, to Plaintiffs and/or Decedent were the result of a new and independent cause and/or intervening and superseding cause, not foreseeable by Defendants.

9.      Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

10.      Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, by estoppel and/or waiver.

11.     Defendants further assert their right to proportionate responsibility, contribution, comparative fault, indemnity, and/or credit pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

12.     Defendants invoke their right to reduction of any verdict that may be rendered in this case by credit for payments made by other persons or by a percentage reduction to which Defendants would be entitled.

13.     Any award of interest in excess of the applicable market rate of interest during the relevant time period would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

14.     In the unlikely event that Plaintiffs recover damages against Defendants under one or more theories of recovery, Plaintiffs must elect their remedies.

15.     Pleading alternatively, Defendants invoke the liability limitations of TEX. CIV. PRAC. & REM. CODE §§ 41.007, 41.008, 41.010, and 41.011, *et seq.*

16.     Defendants invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105.

17.     Defendants invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 18.091.

18.     Defendants invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 93.001(a)(2) and assert the affirmative defense of assumption of the risk.

19.     Defendants will further show that if pre-judgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.101 *et seq.*  Defendants will further show that if post-judgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.003(c).  Defendants further assert and plead that pre-judgment interest is

not allowed on any award of exemplary damages in this matter in accordance with TEX. CIV. PRAC. & REM. CODE § 41.007.

20.    Defendants plead that with respect to all claims seeking punitive or exemplary damages, such damages are inappropriate and impermissible under the law due to the following:

- Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

- An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

- It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, and/or representatives of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

- Punitive and/or exemplary damages constitute an unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous on its face as well as in its application, that it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and therefore, further prevents effective judicial review of any such punitive damages awards.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily ascertained in advance so as to guide the behavior of individuals in their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution in the State of Texas.

- An award of punitive and exemplary damages violates the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

- The defendant who is subject to the award does not have the right to refuse to testify against him/her/itself but must in fact take the stand and/or give deposition testimony or subject him/her/itself to the consequences of a default judgment.

- Any ratio of exemplary damages to actual damages greater than 1:1 violates the due process and excessive fines clauses of the state and federal constitutions

## III.

## PRAYER

Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC request that the Court dismiss this case in in its entirety, deny all relief sought by Plaintiffs, and award Defendants such relief, including attorney's fees and costs, to which they may be justly entitled.

Respectfully submitted,

By: */s/ William J. Collins, III*
                William J. Collins, III
                Texas State Bar No. 04621500
                Fed. ID No. 3441
                2500 Two Houston Center
                909 Fannin Street
                Houston, Texas 77010-1003
                Telephone:  (713) 951-1000
                Facsimile:  (713) 951-1199
                wcollins@sheehyware.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC AND IC BUS OF OKLAHOMA, LLC**

**Of Counsel**
SHEEHY, WARE & PAPPAS, PC
Laura S. Favaloro
Fed. ID No. 15581
Texas State Bar No. 00784929
Travis Cade Armstrong
Fed. ID No. 1690801
Texas State Bar No. 24069312

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure, on October 22, 2019.

                */s/    William J. Collins, III*
                William J. Collins, III

3605653_1