IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA, SR. and MARIA FUENTES, Individually and as Representatives of the Estate of GABRIEL MIRANDA, JR., | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | |
| NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, and IC BUS OF OKLAHOMA, LLC, | | Civil Action No. 7:18-cv-00353 |
| Defendants. | | |

## **PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes, Individually and as Representatives of the Estate of Gabriel Miranda, Jr. file this First Amended Complaint against Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC, as follows:

Exhibit A

## I.

## PARTIES

1. Plaintiff Gabriel Miranda, Sr. is an individual residing in the State of Texas. He is the husband of Maria Fuentes and father of Gabriel Miranda, Jr.

2. Plaintiff Maria Fuentes is an individual residing in the State of Texas. She is the wife of Gabriel Miranda, Sr. and mother of Gabriel Miranda, Jr.

3. Defendant Navistar, Inc. ("Navistar") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

8. Defendant Navistar International Corporation ("Navistar IC") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

9. Defendant IC Bus LLC ("IC Bus") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Illinois. This Defendant has answered and is before the Court.

10. Defendant IC Bus of Oklahoma, LLC ("IC Bus OK") is an out-of-state corporation registered and doing business in the State of Texas with a principal place of business in Oklahoma. This Defendant has answered and is before the Court.

II.

## VENUE & JURISDICTION

1. Under 28 USC 1991(b)(2), venue is proper in this Court because the accident in question occurred within the Southern District of Texas.

2. Under 28 U.S.C. 1332(a)(1), diversity jurisdiction is proper in this Court because all the Defendants are citizens of a state other than Texas and the Plaintiffs are citizens of Texas and the amount in controversy exceeds $75,000, excluding interest and costs.

III.

## FACTS

1. On November 14, 2016, Gabriel Miranda, Jr. and other children from his middle school were passengers on a yellow and black 2011 IC school bus going on a school field trip. At about 9:45am, while the school bus was traveling at highway speed northbound on Interstate Highway 69C in Edinburg, Texas, Gabriel Miranda, Jr. fell onto the highway to his death when the rear emergency exit door was opened.

2. At all times in question, Defendants Navistar, Inc., Navistar International Corporation, IC Bus, LLC, and IC Bus of Oklahoma, LLC engaged in the business of designing, testing, manufacturing, distributing, marketing, and selling vehicles, including the IC school bus in question.

## IV.

## STRICT LIABILITY CAUSE OF ACTION AGAINST EACH DEFENDANT: NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, IC BUS, LLC, AND <u>IC BUS OF OKLAHOMA, LLC.</u>

1. Plaintiffs adopt and re-allege each paragraph set forth above.

2. Defendant, and others associated with it, was at the time of the occurrence and is now engaged in the business of designing, manufacturing, distributing, and selling student passenger buses, including the 2011 IC Bus made the basis of this suit. These passenger school buses are ridden by thousands of school students in this country every day.

3. It was foreseeable, and Defendant knew, that these buses, including the 2011 IC Bus at issue, might be driven at highway speeds during the useful life of the vehicle.

4. The rear emergency door on the vehicle at issue was unreasonably dangerous and defectively designed, manufactured, distributed, and/or marketed because:

    (a) In the event the bus was traveling at highway speed, the rear emergency exit door of the bus remained unlocked and could be opened to allow a passenger to fall out while the bus was in motion during normal operation;

    (b) The rear emergency exit door of the bus was able to be opened or tampered with while the bus was in motion outside a true emergency situation;

  (c)  There was no automated system to lock the rear emergency exit door to prevent it opening while the bus was in motion or traveling over a certain designated speed, such as highway speed;

  (d)  There was no adequate warning or alarm system inside the bus, especially to the driver, to alert when someone was attempting to open the rear emergency exit door;

  (e)  There was no manual override available to the driver to lock the rear emergency exit door when the bus was in motion;

  (f)  The vehicle did not have, or had inadequate, warning stickers, placards, or any other proper documentation or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle.

5. The above defects and dangers were latent; and student passengers, including Gabriel, Jr., were not and could not have been aware of their existence prior to this accident.

6. At the time of the accident, the IC Bus vehicle was substantially unchanged from its condition as when sold and distributed by Defendant.

7. For the reasons set forth above, the IC Bus vehicle was defectively designed, manufactured, and sold and was unreasonably dangerous to foreseeable users, including Gabriel Miranda, Jr. who, as a student passenger, used the vehicle in an ordinary and reasonably foreseeable manner.

8. The defects described above were a producing cause of the death of Gabriel Miranda, Jr. The defects directly and in natural and continuous sequence produced or contributed substantially to Gabriel, Jr.'s death.

## V.

## INDIVIDUAL DAMAGES FOR GABRIEL MIRANDA, SR. AND MARIA FUENTES

1. Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes are the surviving parents of decedent Gabriel Miranda, Jr.. Gabriel Jr. was 13-years old at the time of his wrongful death. Gabriel Jr. brought enormous love, affection, and pride to his parents. His parents have lost the love and companionship and his loving care and attention he would have shared for the remainder of their lives. In addition, they have suffered unusual mental anguish and grief over his sudden and unexpected death. These parent Plaintiffs should recover all their damages, including punitive damages for the unnecessary death of Gabriel Miranda, Jr.

## VI.

## DAMAGES TO THE ESTATE OF GABRIEL MIRANDA, JR.

1. As a result of the wrongful death of Gabriel Miranda, Jr., his Estate has incurred damages for burial expenses, pain prior to his death, and the fright and mental anguish he experienced when the door opened and he came out the rear emergency exit door on the highway while the bus was traveling at highway speed. His estate should also be allocated punitive and exemplary damages for the acts of Defendants as described above.

## VII.

## PRESERVATION

1.   Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## VIII.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

1.   Plaintiffs claim interest in accordance with applicable law.

## IX.

## JURY DEMAND

1.   Plaintiffs respectfully request a trial by jury and tenders the appropriate fee with this filing.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Gabriel Miranda, Sr. and Maria Fuentes, Individually and as Representatives of the Estate of Gabriel Miranda, Jr. pray that upon final trial, Plaintiffs recover all damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate; and have such further and other relief, general and special, at law or in equity, to which Plaintiffs may be justly entitled

under the facts and circumstances.

        Respectfully submitted,

        TURLEY LAW FIRM

        */s/ T Nguyen*
        T Nguyen
        State Bar No. 24051116
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802
        Email: tn@wturley.com; roxanam@wturley.com

        Windle Turley
        State Bar No. 20304000
        Email: win@wturley.com; roxanam@wturley.com

        ATTORNEYS FOR PLAINTIFFS

**Of Counsel**

GORMAN LAW FIRM, PLLC
Terry P. Gorman
State Bar No. 08218200
901 Mopac Expwy S Suite 300
Austin, TX 78746
Telephone No. 512/320-9177
Telecopier No. 512/597-1455
tgorman@school-law.co