IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA, SR. and | § | |
| MARIA FUENTES, Individually | § | |
| and as Representatives of the Estate | § | |
| of GABRIEL MIRANDA, JR., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| NAVISTAR, INC., NAVISTAR | § | Civil Action No. 7:18-cv-00353 |
| INTERNATIONAL | § | |
| CORPORATION, IC BUS, LLC, | § | |
| and IC BUS OF OKLAHOMA, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON 11 OF DEFENDANTS' AFFIRMATIVE DEFENSES

Under Fed. R. Civ. P. 56, Plaintiffs file this Motion for Summary Judgment

on 11 of Defendants' Affirmative Defenses because there is no genuine dispute as

to any material fact and Plaintiffs are entitled to judgment as a matter of law.

## I.    BACKGROUND

This is a strict product liability automotive design defect case involving a

2011 IC school bus designed and manufactured by Defendants. On November 14,

2016, the subject bus was carrying middle-school students on a field trip in

Edinburg, Texas. A little over an hour into the bus ride, 13-year old eighth-grader Gabriel Miranda, Jr. ("Gabriel, Jr.") unlatched the rear emergency exit door and exited the back of the bus onto Interstate Highway 69C to his death.

Plaintiffs assert that the subject 2011 IC school bus was defective as designed because the rear emergency exit door can always be opened at highway speeds.[1] At the same time, Defendants admitted there is no reason to open the rear emergency exit door while moving on a highway.[2]  Defendants have no real-world scenarios where a student/child would have need to egress through the back of a bus while the bus was still moving on a highway at highway speed.[3]

"Rather than safeguard this door at freeway speeds, the Navistar system allow[ed] for the [emergency exit] door to be opened by any force capable of releasing the latch mechanism."[4] Had Defendants' emergency exit door been

---

[1] Berriman Report, **Exhibit A**, at 4.

[2] Defs' Corp Rep Labonte depo, **Exhibit B**, at 148:3-20 ("Q: Now generally you would agree with me that while a bus is moving on a highway under normal operations, there's really no reason for the rear emergency exit door to be opened, right? …Q: We're talking about here under normal operations, no emergency whatsoever. There's no reason for the rear emergency door to be opened? A: In a normal driving along the road, correct.").

[3] Defs' Corp Rep Labonte depo, **Exhibit B**, at 138:5-9, 11-12 ("Q: Are there any scenarios you can think of, real world or otherwise, except in movies, where a student, a child, needs to jump out of the back of a bus while the bus is still moving on the highway a highway speeds? A: I don't have any scenarios for that.").

[4] Berriman Report, **Exhibit A**, at 3.

designed to lock while the bus was traveling on the highway under normal bus operations,[5] as was the case here, the emergency exit door could not have been manually unlatched/released/opened for Gabriel, Jr. to exit the back of the bus to his death.

## II.    SUMMARY JUDGMENT EVIDENCE

1. Report of Plaintiff expert engineer Robert Berriman, attached as **Exhibit A**.

2. Excerpts from deposition of Defendants' Corp Representative Joseph Labonte, attached as **Exhibit B**.

3. Excerpts from Defendants' Responses to Plaintiffs' First Request for Admissions, attached as **Exhibit C**.

4. Eyewitness Erron Fox Affidavit and Handwritten Statement, **Exhibit D**, PL Bates 12, 114-117.

5. Defendants' Sales Data Sheet, Rear Emergency Door and Accessories, **Exhibit E**, Bates Nav 82.

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, which that party will

---

[5] Defs' Corp Rep Labonte depo, **Exhibit B**, at 135:18-138:12 ("…There was no emergency [in this scenario]…").

bear the burden of proof at trial.[6]

> In response, "the nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is genuine issue for trial.'"[7]

To show that the asserted facts are genuinely disputed, the nonmovant must show that (1) the materials cited by the movant do not establish the absence of a genuine dispute or (2) the movant cannot produce admissible evidence to support the material fact.[8]

> "An issue of fact is 'genuine' if the evidence is such that a reasonable trier of fact could return a verdict for the nonmovant. The substantive law identifies facts that are 'material.' Facts are 'material' only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. A complete failure of proof concerning an essential element necessarily renders all other facts immaterial."[9]

## IV.   DEFENDANTS HAVE NO EVIDENCE TO SUPPORT 11 OF THEIR AFFIRMATIVE DEFENSES.

There is no genuine dispute as to any material fact and Defendants have no evidence in law or in fact to support the following defenses asserted in

---

[6] Fed. R. Civ. P. 56; *Celoxtex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[7] *Celoxtex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[8] Fed. R. Civ. P. 56(c)(1)(B).

[9] *Rodgers v. Monumental life Ins.*, 289 F.3d 442, 448 (6th Cir. 2002).

Defendants' First Amended Answer [DE 31] starting on page 6:

     A.     **Defense No 1:** <u>This Court does not have subject matter jurisdiction</u> <u>over this case.</u> However, Defendants have admitted to this fact in their Responses to Plaintiffs' First Request for Admissions No. 2 (sic).[10]

     B.     **Defense No. 2:** <u>This Court does not have personal jurisdiction over</u> <u>Defendants.</u> However, Defendants have admitted to this fact in their Responses to Plaintiffs' First Request for Admissions No. 2.[11]

     C.     **Defense No. 3:** <u>This case is currently pending in an improper venue.</u> However, it is undisputed that the incident occurred in Edinburg, Texas.

     D.     **Defense No. 4:** <u>The Complaint fails to state a claim upon which</u> <u>relief may be granted.</u> However, Plaintiffs' Second Amended Complaint [DE 28] alleging strict product liability automotive design defect cause of action for damages to Plaintiffs and the Estate of Plaintiffs' decedent.

     E.     **Defense No. 5:** <u>All causes of action or claims for damages stated in</u> <u>Plaintiffs' First Amended Complaint are barred by the applicable statute of</u> <u>limitations.</u>  However, it is undisputed that the incident in question occurred on

---

[10] Defendant Navistar, Inc.'s Responses to Plaintiffs' First Request for Admission, **Exhibit C**, at 3, No. 2 (sic).

[11] Defendant Navistar, Inc.'s Responses to Plaintiffs' First Request for Admission, **Exhibit C**, at 3, No. 2.

November 14, 2016 and this lawsuit was filed on November 13, 2018 [DE 1]

within the two-year statute of limitations.

F.     **Defense No. 7:** Defendants allege that the injuries and damages

which Plaintiffs and/or Decedent claim to have suffered were caused by the

conduct, intentional, or negligent acts or omissions of third-parties or a third-

party, over whom Defendants had no control or right of control and further that

the conduct, negligent, and/or intentional acts were a proximate cause, or in the

alternative, the sole proximate cause of Plaintiffs' and/or Decedent's alleged

injuries and damages. However, as last filed in Plaintiffs' Second Amended

Complaint, this is a strict product design defect case. "Sole proximate cause"

means that the conduct of a person other than the plaintiff or defendant is the only

cause of the occurrence at issue.[12] Defendants have not filed and should be barred

from now filing a motion to designate a responsible third party.

G.     **Defense No. 8**: The damages, if any, to Plaintiffs and/or Decedent

were the result of a new and independent cause and/or intervening and

superseding cause, not foreseeable by Defendants. However, a "new and

independent cause" is one that intervenes between the original wrong and the final

injury so that the injury is attributed to the new cause rather than the original and

---

[12] *Dillard v. Texas Elec. Coop.*, 57 S.W.3d 429, 432 (Tex. 2005).

more remote cause.[13] It is undisputed there are no facts to show that any other event occurred between Plaintiffs' decedent's unlatching/releasing/opening of the rear emergency exit door and egressing onto the highway to his death. Defendants admitted that it was foreseeable this rear emergency exit door could be unlatched/released/opened when the bus was moving at highway speed.[14]

H.     **Defense No. 9:** Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, because Plaintiffs failed to mitigate their damages. However, it is undisputed Plaintiffs were not on scene when the incident occurred or when their son died.

I.     **Defense No 10:** Defendants allege that Plaintiffs' claims and causes of action, if any, against Defendants are barred, in whole or in part, by estoppel and/or waiver. However, it is undisputed that Plaintiffs have not relinquished any rights against Defendants.

J.     **Defense No. 11:** Defendants further assert their right to proportionate responsibility, contribution, comparative fault, indemnity, and/or credit pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. However,

---

[13] *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006) (plurality op.).

[14] Defs' Corp Rep Labonte depo, **Exhibit B**, at 152:15-153:1 ("Q: And you agree that in design the rear emergency exit door, your engineers understood that the rear emergency exit door could be unlatched and opened while the bus was moving at highway speeds on the highway? A: Yes.").

Plaintiffs' Second Amended Complaint [DE 28] has a strict product liability cause of action only. There is no negligence claim. In addition, Defendants have not filed and should be barred from now filing a motion to designate a responsible third party.

Here, Gabriel, Jr.'s "negligent failure to discover or guard against a product defect [the unlocked door] is not a defense against strict products liability."[15] Because Defendants designed the door to be able to be unlatched/opened/released by an occupant while the bus is moving at highway speed, Gabriel, Jr.'s action fit within Defendant's design. There should be no comparison of Gabriel, Jr.'s action to Defendants' strict liability for a defective design. Defendants undisputedly did not engineer to safeguard that rear door to eliminate the risk of an occupant egressing through the rear of the bus while traveling on a highway when there is no emergency and it is not safe to exit.

K.    **Defense No. 18:** Defendants invoke and assert the provisions of TEX. CIV. PRAC. & REM. CODE § 93.001(a)(2) (suicide). Tex. Civ. Prac. & Rem. Code § 93.001, Assumption of the Risk: Affirmative Defense, states:

> "(a) It is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was: … (2) committing or attempting to commit suicide, and the

---

[15] *Ramsey v. Lucky Stores, Inc.*, 853 S.W.2d 623, 634 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citations omitted).

plaintiff's conduct in committing or attempting to commit suicide was the sole cause of the damages sustained; provided, however, if the suicide or attempted suicide **was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, <u>then such suicide or attempted suicide shall not be a defense</u>.**[16] (emphasis added).

First, there is no dispute Gabriel, Jr. unlatched the rear emergency exit door and went out the back of the bus onto Interstate Highway 69C to his death. However, his action was not the sole cause of his death. There was no warning of the unlocked emergency door. "Rather than safeguard this door at freeway speeds, the Navistar system allow[ed] for the [emergency exit] door to be opened by any force capable of releasing the latch mechanism."[17] Here, if Defendants' emergency exit door had been designed to lock while the bus was traveling on the highway,[18] that door would have been safeguarded and Gabriel, Jr. could not have gone out the back of the bus on the occasion in question. Evidence from Erron Fox, a driver traveling behind the bus, shows that Gabriel, Jr. tried to close the opened door but instead fell out of the bus.[19] Certainly, Defendants' defective design in not safeguarding or preventing this door from

---

[16] Tex. Civ. Prac. & Rem. Code § 93.001.

[17] Berriman Report, **Exhibit A**, at 3.

[18] Defs' Corp Rep Labonte depo, **Exhibit B**, at 135:18-138:12 ("…There was no emergency [in this scenario]…").

[19] Erron Fox Affidavit and Handwritten Statement, **Exhibit D**, PL Bates 12, 114-117.

unlatching/releasing/opening manually when the bus is traveling at highway speed is a cause of Plaintiffs' death.

Second, Gabriel, Jr.'s alleged suicide and mental state is not probative in this product liability case when misuse of this door is foreseeable.[20] Defendants admitted that it was foreseeable this rear emergency exit door could be opened when the bus was moving at highway speed.[21] "Here, Defendants intentionally designed the rear emergency exit door to remain unlocked and to be quickly released/opened manually while the bus is moving on the highway.[22] Gabriel, Jr's action fit squarely within Defendants' design. If Defendants had designed a locking mechanism to safeguard that rear emergency exit door while the bus was traveling on the highway, that door could not have been released/opened and decedent's mental state would not be relevant. Thus, allowing Defendants to present the issue of suicide or decedent's alleged intention (rather than just the

---

[20] *See Coleman v. Cintas Sales Corp.*, 40 S.W.3d 544, 550-51 (Tex. App.—San Antonio 2001, pet. denied) ("A manufacturer may be held liable for foreseeable misuse of its product. Where a produce is not defected if used as intended, a foreseeable misuse may still give rise to a duty to warn") (citations omitted).

[21] Defs' Corp Rep Labonte depo, **Exhibit B**, at 152:15-153:1 ("Q: And you agree that in design the rear emergency exit door, your engineers understood that the rear emergency exit door could be unlatched and opened while the bus was moving at highway speeds on the highway? A: Yes.").

[22] Defendants' Sales Data Sheet, Rear Emergency Door and Accessories, **Exhibit E**, Bates Nav 82.

action that he could and did open the door) to the jury would only confuse the issues, inflame the jury, and unfairly prejudice Plaintiffs on this product defect claim, as prohibited under Fed. R. Evidence 401 and 403.

For all of the above reasons, Defendants have no evidence in law or in fact to support their 11 defenses and there is no genuine dispute as to any material fact. Plaintiffs are entitled to judgment as a matter of law on these defenses.

WHEREFORE, Plaintiffs request the Court render judgment that there is no evidence of these 11 affirmative defenses, and that no party may assert these defenses, and grant such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ T Nguyen*
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: tn@wturley.com; roxanam@wturley.com

Windle Turley
State Bar No. 20304000
Email: win@wturley.com; roxanam@wturley.com

ATTORNEYS FOR PLAINTIFFS

**Of Counsel**

GORMAN LAW FIRM, PLLC
Terry P. Gorman
State Bar No. 08218200
901 Mopac Expwy S Suite 300
Austin, TX 78746
Telephone No. 512/320-9177
Telecopier No. 512/597-1455
tgorman@school-law.co

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 19th day of August 2020, a true and correct copy of the foregoing document was filed in the CM/ECF filing system in this Court, which will serve all counsel of record.

*/s/ T Nguyen*
T Nguyen

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON 11 OF DEFENDANTS' AFFIRMATIVE DEFENSES - Page 12 of 12

Miranda – MSJ AD – fj08172007